IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01266-BNB

PATRICK B. FARRAND,

    Plaintiff,

v.

DOUGLAS COUNTY SHERIFF DEPT.,
DEPUTY SHERIFF "TRAP,"
LT. ANDERSON, and
TEIDRIC LEROYN HOWARD,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
              CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

At the time of filing, Plaintiff, Patrick B. Farrand, was an inmate at the Denver County Jail in Denver, Colorado. On June 1, 2009, Mr. Farrand submitted to the Court a Prisoner Complaint alleging a violation of his constitutional rights. On July 14, 2009, Magistrate Judge Craig B. Shaffer determined that the Complaint was deficient because Mr. Farrand failed to set forth a short and plain statement of his claims as required by Rule 8 of the Federal Rules of Civil Procedure, and because it was not clear what federal claims Mr. Farrand was asserting. Therefore, Magistrate Judge Shaffer ordered Mr. Farrand to file an Amended Complaint within thirty days. After receiving an extension of time, Mr. Farrand filed his Amended Complaint on September 14, 2009.

Mr. Farrand has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua*

*sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Construing his Amended Complaint liberally, Mr. Farrand appears to bring his claims pursuant to 42 U.S.C. § 1983, asserting that his rights under the Eighth Amendment to the United States Constitution have been violated. Mr. Farrand alleges that while he was housed in the Douglas County Jail, Defendant Deputy Sheriff Trap failed to protect him when Defendant Teidric Leroyn Howard, another inmate, assaulted Mr. Farrand. Mr. Farrand asserts that he was punched in the head by Defendant Howard, which caused him to lose consciousness, in addition to severe skull and brain damage. Mr. Farrand seeks money damages.

With respect to the claim asserted against Defendant Trap, the action will be drawn to a district judge and to a magistrate judge.

Mr. Farrand is suing an improper party. He may not sue Defendant Douglas County Sheriff's Department because the sheriff's department is not a separate entity from Douglas County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the sheriff's department must be considered as asserted against Douglas County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York*

2

*City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Farrand cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, the claims against the Douglas County Sheriff's Department will be dismissed.

With respect to the claim for assault brought against Defendant Howard, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Farrand must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Mr. Farrand admits in his Amended Complaint that Defendant Howard was not acting under color of state law. Amended Complaint at 3. Moreover, the regrettable fact that Mr. Farrand was assaulted by Defendant Howard does not demonstrate that he was subjected to cruel and unusual punishment by a person acting under color of state law. Therefore, because Mr. Farrand fails to allege facts that demonstrate Defendant Howard was acting under color of state law, the claim against Defendant Howard pursuant to § 1983 lacks merit and must be dismissed.

Finally, Mr. Farrand asserts a claim against Defendant Lt. Anderson, alleging that Defendant Anderson provided a written response to Mr. Farrand's grievance, and informed Mr. Farrand that he could "apply for restitution in the criminal case against [Defendant] Howard." Amended Complaint at 6. Mr. Farrand argues that Defendant Anderson's response was negligent, and failed to show concern for Mr. Farrand's "health and welfare." *Id.*

However, as Magistrate Judge Shaffer explained in the July 14, 2009, order for an amended complaint, for Mr. Farrand "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158,

1163 (10th Cir. 2007). That is, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Farrand fails to assert that Defendant Anderson caused the deprivation of his federal constitutional rights. Defendant Anderson, therefore, will be dismissed as a party to this action for lack of personal participation. Accordingly, it is

ORDERED that the amended complaint is dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims asserted against Defendants Douglas County Sheriff's Department and Teidric Leroyn Howard are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claim asserted against Defendant Lt. Anderson is dismissed for lack of personal participation. It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendants Douglas County Sheriff's Department, Teidric Leroyn Howard, and Lt. Anderson as parties to this lawsuit. The only remaining Defendant is Deputy Sheriff Trap. It is

FURTHER ORDERED that the remaining claim against the remaining Defendant and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01266-BNB

Patrick B. Farrand
Prisoner No. 1630435
c/o Victor King
7071 South Franklin St.
Centennial, CO 80122

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk