IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01266-PAB-CBS

PATRICK B. FARRAND,
        Plaintiff,
v.

DEPUTY SHERIFF TRAP,
        Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant Trap's Motion to Dismiss (filed

December 9, 2009) (doc. #20).  Pursuant to the Order of Reference dated November 9, 2009

(doc. #17), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion,

Mr. Farrand's Motion Against Dismis [sic] (Response) (filed January 8, 2010) (doc. #24),

Defendant Trap's Reply in Support of Motion to Dismiss (filed December 9, 2009) (doc. #25),

the entire case file, the pleadings and the applicable law and is sufficiently advised in the

premises.


I.      Background

        On April 1, 2009, Mr. Farrand was an inmate under the supervision of Defendant Trap (a

Deputy Sheriff) at the Douglas County Jail in Denver, Colorado. (*See* Amended Prisoner

Complaint (doc. #13) at p. 6 of 10).  Mr. Farrand filed this law suit, pro se, against Defendant

Trap on June 1, 2009. (*See* Prisoner Complaint (doc. #3) at p. 1 of 8).  Pursuant to 42 U.S.C. §

1983, Mr. Farrand has brought an action against Defendant Trap for failure to protect, in

violation of Mr. Farrand's Eighth Amendment rights under the United States Constitution. (Amended Prisoner Complaint (doc. #13) at p. 4 of 10). Mr. Farrand's Amended Prisoner Complaint was dismissed in part by Senior Judge Zita L. Weinshienk. (*See* Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge (doc. #15) at p. 6 of 7). The claims against Defendants Douglas County Sheriff's Department and Teidric Leroyn Howard were dismissed as legally frivolous, while the claim against Defendant Lt. Anderson was dismissed for failure to allege personal participation. (*Id*.). Deputy Trap is the only remaining defendant.

On April 1, 2009, Mr. Farrand got into a physical altercation with Teidric Leroyn Howard, a fellow inmate. (*See* Amended Prisoner Complaint (doc. #13) at p. 6 of 10; *see also* Prisoner Complaint (doc. #3) at p. 3 of 8). Mr. Farrand then contacted Defendant Trap, the on-duty Deputy Sheriff, and "requested protection from inmate Howard." (Amended Prisoner Complaint (doc. #13) at p. 6 of 10). As Mr. Farrand and Defendant Trap stood together, Defendant Trap called inmate Howard over to their position. At that point inmate Howard struck Farrand in the head, causing "bodily harm" and "mental impairment." (*Id*.). Mr. Farrand is seeking money damages (Amended Prisoner Complaint (doc. #13) at p. 10 of 10). Defendant Trap has moved for dismissal of Mr. Farrand's Amended Prisoner Complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). (Motion to Dismiss (doc. #20) at p. 1 of 5).[1]

---

[1]While Defendant Trap's Motion refers to Rule 12(b)(1), he offers no arguments in support of this Rule. (*See* Motion to Dismiss (doc. #20)). Therefore, the court assumes that Defendant Trap is not asserting a Rule 12(b)(1) challenge and proceeds to an analysis of the Rule 12(b)(6) challenge.

II.     Standard of Review

A motion under Rule 12(b)(6) calls for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint "must include enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (internal quotations and citations omitted). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

III.    Analysis

Mr. Farrand alleges that after Defendant Trap called inmate Howard over to where the two parties were standing, inmate Howard struck Mr. Farrand. (*See* Amended Prisoner Complaint (doc. #13) at p. 6 of 10). Pursuant to 42 U.S.C. § 1983, Mr. Farrand claims that the actions of Defendant Trap were in violation of his Eighth Amendment rights. Mr. Farrand does not allege in the Amended Prisoner Complaint, or clarify in his Response to Defendant's Motion, whether he is suing Defendant Trap in his individual capacity, his official capacity, or both.[2]

To the extent that Mr. Farrand is suing Defendant in his individual capacity, personal

---

[2]Because the court determines here that Mr. Farrand has failed to state a claim in any event, the court need not determine whether Mr. Farrand is suing the Defendant in his individual or official capacity.

capacity suits pursuant to 42 U.S.C. § 1983 "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Section 1983 creates a cause of action where a "person ... under color of any statute, ordinance, regulation, custom or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States or other person ... to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under section 1983, a plaintiff must prove that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment to the U.S. Constitution "requires jail officials 'to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety.'" *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). "However, this ... does not impose constitutional liability on prison officials for every injury suffered by an inmate." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff must establish facts sufficient to satisfy both an objective and subjective component. *See Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003). The objective component "requires that the alleged deprivation be 'sufficiently serious.'" *Craig*, 164 F.3d at 495 (quoting *Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991)).  Physical assault rises to this level.  "Being violently assaulted

in prison is simply not part of the penalty that criminal offenders pay for their offenses[.]" *Riddle*

*v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825,

834 (1994)).  In order to satisfy the subjective component, the defendant must have a

"sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297.  The standard for this element is

one of "deliberate indifference" to an inmate's safety in light of the substantial risk of harm that

is present.  *See Farmer*, 511 U.S. at 834.  This requires that the jail official "know[s] of and

disregard[s] [the] excessive risk[.]" *Id*. at 837.  "The official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Id.*

   Although Mr. Farrand asserts that Defendant Trap was present during an altercation

between Mr. Farrand and a fellow inmate, Mr. Farrand fails to allege specific facts establishing

deliberate indifference.  Mr. Farrand claims that he "requested protection from inmate Howard"

before he was struck by Howard. (Amended Prisoner Complaint (doc. #13) at p. 6 of 10).

However, Mr. Farrand does not specifically allege in the pleadings that Defendant Trap had

knowledge of any prior altercations between inmate Howard and himself. (*See* Amended

Prisoner Complaint (doc. #13)).  Although Defendant Trap called inmate Howard over to their

position, there are no facts alleging that Defendant Trap subjectively knew that there was a threat

of a subsequent altercation. (*Id.*).  Mr. Farrand fails to advance any facts showing that Defendant

Trap was aware of an impending substantial risk, or that Defendant Trap made a deliberate

decision to disregard a risk to Mr. Farrand.  *See Farmer*, 511 U.S. at 837.

   Furthermore, facts alleging that Defendant Trap was either unreasonable or negligent in

assessing the risk do not demonstrate deliberate indifference.  "It is not enough to establish that

the official should have known of the risk[.]" *Craig*, 164 F.3d at 495 (quoting *Barney*, 143 F.3d

at 1310). Mr. Farrand's Complaint states that "[t]he fact of [sic] ... Deputy 'Trap's' tenure, and

not following policy was negligence[.]" (Amended Prisoner Complaint (doc. #13) at p. 6 of 10).

To the extent Mr. Farrand alleges that "through [Defendant Trap's] actions, ...a state of

negligence insued [sic]," this does not rise to the requisite level of culpability. (Response (doc.

#24) at ¶ 2). "An official's failure to alleviate a significant risk of which he was unaware, no

matter how obvious the risk or how gross his negligence in failing to perceive it, is not ... a

constitutional violation." *Tafoya*, 516 F.3d at 916.

Even when the pleadings are given an utmost liberal construction and are viewed in the

light most favorable to Mr. Farrand, they fail to support a finding that Defendant Trap was

deliberately indifferent to Mr. Farrand's safety. To the extent that Mr. Farrand alleges that

Defendant Trap failed to assess the gravity of the risk and to take different actions in light of that

risk, this conduct falls short of the culpability that is required to establish a claim. *See Tafoya*, at

916.

Finally, Defendant Trap asserts that he is entitled to qualified immunity from Mr.

Farrand's claim. (Motion to Dismiss (doc. #20) at p. 3 of 5). Whether Defendant Trap is entitled

to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007),

*cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-
> pronged inquiry. First a court must decide whether the facts that a plaintiff has
> alleged or shown make out a violation of a constitutional right. Second, ... the
> court must decide whether the right at issue was clearly established at the time of
> the defendant's alleged misconduct. With regard to this second [prong], the
> relevant, dispositive inquiry in determining whether a right is clearly established
> is whether it would be clear to a reasonable officer that his conduct was unlawful
> under the circumstances presented.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks

and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the analysis. *Id*. As a result of the court's conclusions above, that Mr. Farrand has failed to sufficiently allege the violation of a constitutional right, Defendant Trap is entitled to qualified immunity from Mr. Farrand's section 1983 claim.

Accordingly, IT IS RECOMMENDED that Defendant Trap's "Motion to Dismiss" (filed Dec. 9, 2009) (doc. # 20) be GRANTED and this civil action be dismissed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of March, 2010.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge